IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 5:16CR50016-001 |
| | ) | |
| LANCE BRADLEY WILLIAMS | ) | |
| a/k/a Crush | ) | |
| a/k/a Lil' Crush | ) | |

**SENTENCING MEMORANDUM**

Comes now the United States of America, by and through, Kenneth Elser, United States Attorney for the Western District of Arkansas, and the undersigned Assistant United States Attorney, for its Sentencing Memorandum states and alleges the following:

BACKGROUND

The Defendant, Lance Bradley Williams, is scheduled to be sentenced for his conviction for Conspiracy to Commit Sex Trafficking of a Child in violation of 18 U.S.C. § 1594(c) on December 20, 2016. The Initial Presentence Investigation Report (PSR) was issued on November 15, 2016, and a Final PSR was issued on November 30, 2016. The United States had no objections to the PSR. Williams had five objections to the PSR.

Williams' first objection is related to factual findings in the PSR pertaining to both the offense conduct and relevant conduct. Williams' second objection is to findings in the PSR that relate to the applied enhancement for obstruction of justice. Williams' third objection is to the enhancements pursuant to U.S.S.G. §§ 2G1.3(b)(3) (use of a computer), 3B1.1(c) (leader/organizer), and 4B1.5(b)(1) (pattern of activity). Williams' fourth objection was to assert that he denied the conduct relating to several pending criminal prosecutions, so as to preserve any right against self-incrimination, which was resolved by the Final PSR. Williams' fifth objection was to the finding in the PSR that there were no factors identified that would warrant a departure from the guideline range.

In support of the inclusion of the disputed information and disputed enhancements, the United States will rely upon the factual basis of the Plea Agreement, the findings of the U.S. Probation Officer, may present the testimony of the following: Federal Bureau Investigations Special Agent Robert Allen, the victim of the offense, a cooperating co-conspirator, Washington County Sheriff's Office Deputy Uriel Paredes, an adult victim of Williams' sex trafficking, and an employee of AT&T, recordings and/or transcripts of Williams' recorded phone conversations from jail, video surveillance from Washington County Jail, and the report of analysis of Williams' cellular phone. Due to the amount of information to which Williams is objecting and what the Government will need to produce as to that information, the United States anticipates that it will take a full day to provide evidence and argument on all the issues.

DEFENDANT'S FIRST OBJECTION

Williams denied that he was involved in dog fighting, drugs and identity theft, as found in Paragraph 41 of the PSR. Williams also denied being a member of a gang known as the Slunda Boys. Williams further denied posting the ads used to advertise the victim on backpage.com or providing the cellular phone used to traffic the minor victim. Williams also denied creating the backpage.com ads used to advertise the adult sex trafficking victim and threatening her when she advised Williams that she no longer worked for him.

Most of the information objected to by Williams in his first objection is relevant conduct. The Government will provide testimony and evidence to the Court, namely the testimony of the cooperating co-conspirator, the adult victim of Williams' sex trafficking, and the report of analysis of Williams' phone.

However, Williams' assertion that Williams did not "provide cellphones to coordinate thirteen separate dates" is in direct contravention to the admitted factual basis in Williams' Plea Agreement. "At the time the phone was purchased by WILLIAMS, WILLIAMS had knowledge

that the phone was to be used to advertise Jane Doe on backpage.com for the purpose of prostitution." (Doc. 33, ¶ 2.g.).

DEFENDANT'S SECOND OBJECTION

This objection is to all of the conduct that pertains to the obstruction of justice enhancement. The United States will present evidence at the sentencing hearing corroborating the findings in the PSR. Further, Williams' characterization of these actions as "good faith" attempts at securing witnesses is laughable. These are repeated threats made to Williams' co-conspirator and his adult victim of trafficking to lie and say that Williams was not involved in the trafficking of the minor victim.

DEFENDANT'S THIRD OBJECTION

Williams' third objection is to the application of multiple enhancements, which will each be taken up separately.

*Use of a Computer or Interactive Computer Service*

The enhancement in § 2G1.3(b)(3)(B) applies "[i]f the offense involved the use of a computer or an interactive computer service to…(B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." U.S.S.G. § 2G1.3(b)(3)(B). According to Application Note 1, "Computer" is defined by 18 U.S.C. § 1030(e)(1). For purposes of the enhancement, an internet-enabled cellular phone is a "computer." *U.S. v. Kramer*, 631 F.3d 900, 902-904 (8th Cir. 2011).

According the Application Note 1, "Interactive computer service" is defined by 47 U.S.C. 230(f)(2), which states "[t]he term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or education institutions." Online directory advertisement providers that allow users to access their website in order to post

information are "interactive computer services." *Baldino's Lock & Key Service, Inc. v. Google, Inc.*, 88 F.Supp.3d 543546-547 (E.D. Va, 2015) aff'd, No. 15-1202, 2015 WL 7888322 (4th Cir. Dec. 4, 2015). Facebook is an "interactive computer service." *Klayman v. Zuckerberg*, 753 F.3d 1354 at 1357 (D.C. Cir. 2014) cert. denied, 135 S. Ct. 680, 190 L. Ed. 2d 391 (2014).

Williams' offense of conviction is conspiring to commit sex trafficking of the minor victim. The Plea Agreement recounts that during the conspiracy, backpage.com was used to advertise the minor. And as previously stated, Williams supplied the phone used in the ads to advertise the minor knowing that an internet-based website, backpage.com, was going to be used. Additionally, Williams utilized Facebook Messenger to communicate with this co-conspirator, giving them directions to the hotel from which the minor victim was trafficked. Based on the facts admitted to by Williams in the Plea Agreement, it is clear that the offense involved the use of a computer or an interactive computer service and the 2-level enhancement provided for in U.S.S.G. § 2G1.3(b)(3) should apply.

The United States also anticipates that witnesses will testify and the evidence will show that Williams created the ads used to advertise the minor victim on backpage.com. Further, the evidence at sentencing will show that Williams' internet-enabled cellular phone was used to communicate with his co-conspirator during an in furtherance of the conspiracy.

*Role in the Offense*

Williams has objected to the application of the 2-level enhancement for being an organizer, leader, manager or supervisor pursuant to U.S.S.G. § 3B1.1(c). Application Note 2 to § 3B1.1 states that "[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." Application Note 1 defines "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted."

The question is whether Williams was the superior of his co-conspirator. If so, the enhancement should apply. If their criminal relationship was more in line with a partnership with each having the same role, then it should not apply.

The United States expects that the evidence at hearing will demonstrate that while Williams' co-conspirator was not new to the world of criminal activity, he was relatively new to the crime of sex trafficking and almost totally dependent upon the instruction and advice of the far more experienced Williams. Evidence presented at hearing will show that Williams: gave his co-conspirator directions to the hotel, purchased the phone used to advertise the minor victim, provided his co-conspirator with gas money, provided his co-conspirator with money to purchase the hotel room that was used, that practically all of the money made from the prostitution of the minor victim wound up in Williams' pocket, and that the purpose of the conspiracy itself was for Williams to determine whether the minor victim was a valuable enough commodity to purchase her from his co-conspirator.

These facts, which will be produced at sentencing, demonstrate that Williams was the organizer, leader, manager, or supervisor of his co-conspirator, and the 2-level enhancement pursuant to U.S.S.G. § 3B1.1(c) should apply.

*Pattern of Activity Involving Prohibited Sexual Conduct*

The 5-level enhancement provided for in U.S.S.G. § 4B1.5(b) applies when three things are present: (1) "the defendant's instant offense of conviction is a covered sex crime," (2) "neither § 4B1.1 nor subsection (a) of [§ 4B1.5] applies," and (3) "the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b).

Williams does not contest that Conspiracy to Commit Sex Trafficking of a Minor is a covered offense for the purpose of the first requirement for the application of the enhancement. Also, neither party contests that the second requirement, that neither U.S.S.G. § 4B1.1 nor

§ 4B1.5(a) applies. The only point at issue remaining is whether Williams engaged in a pattern of activity involving prohibited conduct.

Application Note 4(B)(i) states "the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." "Prohibited sexual conduct" is defined in Application Note 4(A) as "any offense described in 18 U.S.C. § 2426(b)(1)(A)," which includes offenses in chapters 117, 109A, 110, or section 1591.

Application Note 4(B)(ii) stated that "[a]n occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion."

"Prohibited sexual conduct" includes violations of 18 U.S.C. § 1591, Sex Trafficking of Children. U.S.S.G. § 4B1.5, Application Note 4(A)(i) and 18 U.S.C. § 2426(b)(1)(A). Sex Trafficking of Children is committed when a defendant, in or affecting interstate or foreign commerce, knowingly recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person, or benefits financially or by receiving anything of value therefrom, knowing and in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act. 18 U.S.C. § 1591.

The conspiracy spanned almost a month from June 12, 2015 to July 11, 2015, and involved the minor victim engaging in multiple sex acts in multiple hotels in Northwest Arkansas and Central Arkansas. (Doc. 33, ¶ 2.a.). Multiple ads were posted on backpage.com advertising the minor victim for the purpose of prostitution. (Doc. 33, ¶ 2.d.). Further, witnesses will testify at sentencing that Williams, without the assistance of his co-conspirator, managed the minor victim's prostitution while they were operating in the Little Rock area.

Based on the above, Williams engaged in multiple instances of Sex Trafficking of Children in violation of 18 U.S.C. § 1591, and the 5-level enhancement in U.S.S.G. § 4B1.5(b) should be applied.

DEFENDANT'S FIFTH OBJECTION

The remaining outstanding objection was to the PSR's finding that there were not sufficient factors warranting a departure, and cites that a departure is warranted "due to the Defendant's personal history and low-functioning status, among other factors."

The United States concedes that Williams' personal characteristics should be considered by the Court, but are not so extraordinary that they warrant a departure.

CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Williams' objections.

Respectfully submitted,

Kenneth Elser
United States Attorney

By: /s/ Aaron Jennen
Aaron Jennen
Assistant U.S. Attorney
Arkansas Bar No. 2004156
414 Parker Avenue
Fort Smith, Arkansas 72901
479-783-5125
E-mail Aaron.Jennen@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Aaron Jennen, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that on December 6, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification to the following:

Andrew Miller, attorney for the Defendant, AMiller@arkattorneys.com; and
Amanda Donat, U.S. Probation Officer, Amanda_Donat@arwp.uscourts.gov.

/s/ Aaron Jennen
Aaron Jennen
Assistant U.S. Attorney