IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA            PLAINTIFF/RESPONDENT

V.            CASE NO. 5:16-CR-50016

LANCE BRADLEY WILLIAMS            DEFENDANT/PETITIONER

### OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. (Doc. 75). On August 10, 2021, Lance Bradley Williams filed objections to the R&R. (Doc. 77). When a defendant makes specific objections to portions of a magistrate judge's R&R, the district court must conduct a *de novo* review of the contested findings to which the defendant has lodged such objections. *See* 28 U.S.C. § 636 (b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Here, Mr. Williams objected to the R&R on three grounds, and the Court reviewed those objections *de novo*. For the reasons stated herein, the Court **ADOPTS** the R&R and **DENIES** Mr. Williams's § 2255 Petition and Motion to Vacate (Doc. 68).

### I. BACKGROUND

Mr. Williams was indicted on March 16, 2016, on two counts of sex trafficking. (Doc. 11). He pleaded guilty to one count on August 17, 2016. (Doc. 33). On August 29, 2016, he and his Court-appointed attorney, Tim Snively, requested that new counsel be appointed. (Doc. 34). Magistrate Judge Erin L. Wiedemann held a hearing on the motion on September 8, 2016. After confirming on the record that Mr. Williams wished to

1

persist in his guilty plea, Judge Wiedemann relieved Mr. Snively of his appointment and assigned new counsel to represent Mr. Williams during sentencing.

On December 16, 2020, the Court sentenced Mr. Williams to 120 months in prison, five years of supervised release, and $36,000 in fines. (Doc. 48). The sentence was affirmed on appeal by the Eighth Circuit on October 13, 2017. (Doc. 65). The judgment became final ninety days later, on January 11, 2018; however, Mr. Williams did not file a motion to vacate his sentence until March 8, 2021, which was more than two years past the one-year statute of limitations.

## II. OBJECTIONS

Mr. Williams presents three objections to the R&R. First, he asserts that Judge Wiedemann "improperly discouraged [him] from changing his plea" from guilty to not guilty during the motion hearing on September 8, 2016. (Doc. 77, p. 2). According to the transcript of this hearing, (Doc. 74), Mr. Williams initially expressed interest in withdrawing his guilty plea, and Judge Wiedemann appropriately advised him about the possible legal consequences of doing so. Mr. Williams later confirmed on the record that he still wanted to plead guilty. *See id.* at pp. 18–20. The Court finds his first objection to be without merit, and it is therefore **OVERRULED**.

His second objection addresses the R&R's recommendation that the Court dismiss the Motion to Vacate as untimely. This objection raises the same tolling arguments that were considered—and rejected—in the R&R. The Court agrees with the R&R's reasoning and finds none of Mr. Williams's tolling arguments persuasive. Accordingly, the second objection is **OVERRULED**. Since the Motion to Vacate is untimely, it is subject to

dismissal on that basis. The third objection to the R&R, which goes to the merits of the Motion, is **MOOT**.

### III. CONCLUSION

**IT IS ORDERED** that the Report and Recommendation (Doc. 75) is **ADOPTED**, and the § 2255 Petition and Motion to Vacate (Doc. 68) is **DENIED**.

**IT IS SO ORDERED** on this \_\_9th\_\_ day of September, 2021.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE